**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4110

WAZEE O. UTHMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-20-A)

Submitted: October 26, 1999

Decided: November 10, 1999

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Denise J. Tassi, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Jack Hanly, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wazee O. Uthman appeals from a thirty-six month sentence imposed following the revocation of his supervised release. We affirm in part and vacate and remand in part.

Uthman first claims that the district court erred in finding that he violated the terms of his supervised release and that the court did not make sufficient findings to support its decision. A review of the record discloses ample evidence to support the district court's conclusion that Uthman committed a Grade A violation of the terms of his supervised release by committing bank fraud in violation of 18 U.S.C. § 1344 (1994). We therefore find that the court properly imposed a sentence of three years upon the revocation of Uthman's supervised release for his violation of federal law.

Uthman contends that the court erred in refusing to recommend that he serve his sentence in a shock incarceration (or "boot camp") program. However, because of the length of his sentence, he was ineligible for the boot camp program. See 18 U.S.C. § 4046(a) (1994). Thus, to the extent that the court's refusal to recommend boot camp is reviewable on appeal, we find no error.

Uthman also claims that the district court erred when it admitted hearsay testimony regarding statements made by the two identity theft victims. Even assuming that the district court erred in the manner Uthman suggests, the error was harmless because an overwhelming quantum of properly admitted evidence supported the revocation. See United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). We further find that the court did not err in admitting evidence of Uthman's prior firearm conviction because the Federal Rules of Evidence are not generally applicable to revocation hearings. See United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). The district court also noted that its decision and sentence were not based upon the firearms evidence; thus, any error in admitting the evidence was harmless beyond a reasonable doubt. See Frazier, 26 F.3d at 114.

Although we find no reversible error with respect to the district court's revocation decision, sentencing, and evidentiary rulings, we agree with Uthman (and the Government concedes) that there was no evidence to support the finding in the judgment order that Uthman violated his supervised release by possessing a firearm on the date of his arrest for bank fraud. We therefore vacate the district court's judgment order with respect to this finding and remand the case with instructions to enter a judgment order that does not reflect a firearms violation.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

3